IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK AND DEBORAH MCDOWELL,<br><br>   Plaintiff,<br><br> v.<br><br>THE STATE OF CALIFORNIA,<br><br>   Defendant._____/ | No. C 11-02569 CRB<br><br>**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER** |

  Pro se plaintiffs Frank and Deborah McDowell have filed an application for a Temporary Restraining Order in this case. See generally App. (dckt. no. 2). This application is DENIED because it does not meet the requirements for relief. See generally Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 129 S.Ct. 365, 374, 172 L. Ed. 2d 249 (2008); Alliance for Wild Rockies v. Cottrell, No. 09-35756, 2010 WL 3665149, *8 (9th Cir. Sept. 22, 2010).

  In this Circuit "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the Winter test are also met." Alliance for the Wild Rockies, 622 F.3d at 1052. Here, the Court recognizes that the balance of the hardship tips in favor of Plaintiffs, who purport to face foreclosure, but they have not raised serious questions going to the merits, as their application consists of less than a page and a half of conclusory statements ("THE

DEFENDANT [sic] ARE INCURRING SWEEPING PENALTIES FOR IMPROPER HOME FORECLOSURE PRACTICES") but includes no facts or arguments suggesting an entitlement to relief. <u>See</u> dkt. 2 at 1 (emphasis in original).

Additionally, the Court notes that Plaintiffs have asserted that this case was removed from state court – the docket describes docket number 1 as a "Notice of Removal" and, on the Civil Cover Sheet, "Removed from State Court" is checked off. <u>See</u> dkt. 1. The Notice of Removal also attaches various rulings from the California state courts. This Court is not an appeals court for decisions of the state court. Nor can Plaintiffs remove their own action from state court. <u>See</u> 28 U.S.C. §§ 1441, 1446. Had the case been improperly removed, the Court would lack jurisdiction. However, as Plaintiffs are pro se in this case, the Court will construe the document entitled "Notice of Removal" as a Complaint in this matter, over which Plaintiffs assert that this Court has jurisdiction on the basis of the federal question raised (a RICO claim). A case management conference will be scheduled shortly.

**IT IS SO ORDERED.**

Dated: May 31, 2011

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE