IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK AND DEBORAH MCDOWELL,<br><br>    Plaintiffs,<br><br>  v.<br><br>THE STATE OF CALIFORNIA, ET AL.,<br><br>    Defendants.<br>_____/ | No. C 11-02569 CRB<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Pro se plaintiffs Frank and Deborah McDowell have brought suit complaining about the state court's rulings as to improprieties in their loan origination and loan modification. As explained below, this is impermissible under the Rooker-Feldman doctrine. However, as the Court explained at the motion hearing today, Plaintiffs may amend their RICO claim, if they wish to do so, within twenty days of this Order.

**I.  BACKGROUND**

    **A.  History before this litigation**

Defendants supplied the following timeline of relevant facts:

- In May 2005 Plaintiffs borrowed $697,500 from BNC Mortgage, secured by a Deed of Trust. Mot. (dkt. 15) at 3.

- Plaintiffs defaulted in November 2007. Id.

- The Deed of Trust was assigned to U.S. Bank National Association. Id.

- A Notice of Trustee's Sale was recorded in February 2008. Id.
- A loan modification was recorded in May 2008. Id. at 4.
- Plaintiffs defaulted on the modified loan, and a Notice of Default was recorded in February 2009. Id.
- NDEX West LLC Was substituted as trustee on the Deed of Trust. Id.
- A Notice of Trustee's Sale was recorded in May 2009. Id.
- The house was sold at auction in July 2009. Id.
- In February 2010, Plaintiffs filed a First Amended Complaint in Contra Costa County Superior Court. Id.
- In August 2010, Contra Costa County Superior Court sustained Defendant's demurrer. Id.
- In March 2011, California First Appellate District Court affirmed. Id.
- In April 2011, the California First Appellate District Court denied Plaintiffs' petition for rehearing. Id.
- In May 2011, the California Supreme Court denied Plaintiffs' petition for review. Id.

**B.    Litigation in this Court**

Plaintiffs' first filing in this Court was a "Notice of Removal" in May 2011 attaching various rulings from state court in which Plaintiffs were also the plaintiffs. See dkt. 1. In an Order denying the TRO that the Notice of Removal seemed to request, the Court explained:

> This Court is not an appeals court for decisions of the state court. Nor can Plaintiffs remove their own action from state court. See 28 U.S.C. §§ 1441, 1446. Had the case been improperly removed, the Court would lack jurisdiction. However, as Plaintiffs are pro se in this case, the Court will construe the document entitled "Notice of Removal" as a Complaint in this matter, over which Plaintiffs assert that this Court has jurisdiction on the basis of the federal question raised (a RICO claim).

See dkt. 4 at 2. The Complaint, then, is a page-and-a-half long document that fails to separate out individual causes of action or allegations. It states in part:

> THIS ACTION IS BROUGHT FORTH ON CAUSES OF FRAUD CAUSING PLAINTIFF'S TO LOOSE THERE HOME, DEFENDANT MISREPRESENTATION OF A LOAN MODIFICATION & FRAUDULATION TRANSACTION. . . . WELLS FARGO BROKERED ??? LOAN ACTED AS CONSULTANT AND THE FIDUCIARY FOR THE MCDOWELL'S PROPERTY CALL IT ROBO SIGNING, FRAUD, WE CALL IT RACKETEER-INFLUENCED ADD CORRUPT ORGANIZATION. . . .

Dkt. 1 at 3. It goes on to explicitly reference an earlier state court decision:

> THIS ACTION DERIVES FROM A DECISION FROM THE CONTRA COSTA SUPERIOR COURT JUDGE BARRY BASKING CASE NO.A129293 THE JUDGE RULED TENDER IS NOT REQUIRED WHEN STATEING A2923.5 ACTION AND A PARTIAL DISMISSAL OF CLAIM FROM NDEX WEST FRO FRAUD. . . . THE APPEAL COURT HANDED DOWN A DECISION WITH NO SIGNATURES AND STATE IT WAS NOT FOR PUBLICATION YET IT ALL OVER THE ENTER-NET.

Id. at 4.

Defendants Wells Fargo, Wells Fargo Home Mortgage, America's Servicing Company, U.S. Bank National Association, and (via joinder) NdeX West, LLC, have moved to dismiss the Complaint based on the Rooker-Feldman doctrine and the insufficient pleading of the RICO claim. Plaintiffs initially failed to file an opposition, then (upon being contacted by the Court), filed one late (dkt. 27), and also argued that their "Initial Case Management Statement" (dkt. 19) in fact contained their opposition.[1] They subsequently filed a "Notice of Fraud," (dkt. 28) which further complains about the state court ruling ("THE MCDOWELL'S ASK OR REQUEST A REHEARRING & REVIEW").

## II. LEGAL STANDARD

Under Rule 12(b)(6), a party may move to dismiss a cause of action which fails to state a claim upon which relief can be granted. On a motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Wyler-Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir. 1998). To survive a Rule 12(b)(6) motion to dismiss, the complaint must state a claim to relief that is "plausible on its face." Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). A claim has "facial plausibility" when the pleaded factual allegations "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In the context of fraud claims, Rule 9(b)

---

[1] The Court notes that Plaintiffs simply attached their state court complaint with a different, Northern District, caption, calling it an "INITIAL CASE MANAGEMENT STATEMENT COMPLAINT TO QUIET TITLE, TO SET ASIDE TRUSTEE'S DEED, AND FOR DAMAGES AND INJUNCTIVE RELIEF." Compare Initial Case Management Statement (dkt. 19) at 2-10, with RFJN Ex. K. That complaint does not include a cause of action under RICO. However, at the motion hearing Plaintiffs indicated a continued intention to pursue a RICO claim.

requires a party to "state with particularity the circumstances constituting fraud . . . . Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

## III. DISCUSSION

This Order discusses the two grounds for dismissal raised in Defendants' motion: (A) the Rooker-Feldman doctrine and (B) the inadequacy of the RICO claim.

### A. Rooker-Feldman

The Complaint explicitly states that it "DERIVES FROM A DECISION FROM THE CONTRA COSTA SUPERIOR COURT JUDGE." See dkt. 1 at 4. Though Plaintiffs' intended causes of action are largely unclear, it at least seems clear that Plaintiffs object to the state courts' decisions. See "Notice of Fraud," (dkt. 28) ("THE MCDOWELL'S ASK OR REQUEST A REHEARRING & REVIEW"). That is not permissible under the Rooker-Feldman doctrine. In Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 292 (2005), the Supreme Court explained that under that doctrine, a district court may not exercise appellate jurisdiction over state court judgments. Rooker-Feldman also applies where parties do not directly contest the merits of a state court decision but instead ask a district court to exercise subject matter jurisdiction over a *de facto* appeal from a state court judgment. See Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 858-59 (9th Cir. 2008) (explaining that "[a] federal action constitutes such a *de facto* appeal where 'claims raised in the federal court action are inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules.'").

Thus, whether Plaintiffs intend to bring an actual or a *de facto* appeal, this Court does not have jurisdiction to review the state courts' decisions. Accordingly, all of the claims that seek such a review are dismissed with prejudice.

### B. RICO

In addition to their objections to the state courts' rulings, Plaintiffs also allege that Defendants violated RICO. See dkt. 1 at 2, 3 ("WE CALL IT RACKETEER-INFLUENCED ADD CORRUPT ORGANIZATION"). The RICO claim is Plaintiffs' only

4

federal claim and the basis for the Court's jurisdiction. See dkt. 4 at 2 ("Plaintiffs assert that this Court has jurisdiction on the basis of the federal question raised (a RICO claim).").

Plaintiffs, who were represented by counsel in state court, did not bring a RICO claim there. See RFJN Ex. K (state court complaint) at 1 (including causes of action for quiet title, violation of Civil Code § 2923.5, invalidity of notice of default, fraud, misrepresentation, and breach of the covenant of good faith and fair dealing, lack of authority of purported trustee, injunctive relief, and unfair business practices). Assuming for the time being that the Rooker-Feldman doctrine does not apply to the RICO claim,[2] Plaintiffs have nonetheless failed to state a claim.

To state a civil RICO claim, a plaintiff must allege: (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity, establishing that (5) the defendant caused injury to the plaintiff's business or property. See Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985). A "'pattern' ... requires at least two acts of racketeering activity." 18 U.S.C. § 1961(5). "'[R]acketeering activity' is any act indictable under several provisions of Title 18 of the United States Code, and includes the predicate acts of mail fraud, wire fraud and obstruction of justice." Turner v. Cook, 362 F.3d 1219, 1229 (9th Cir. 2004).

Plaintiffs here fail to allege adequately that the defendants committed an underlying predicate offense. Although Plaintiffs assert in their late-filed Opposition that "THEY ALL COLLUDED BY USING MAIL, TELE, WIRE, MONEY TRANSFERS. TO DEFRAUD PLAINTIFF'S OF THEIR HOME. THEY DID IN AN ENTERPRISING ACT AS COHORTS AND COLIABORATED AND CONSPIRED TO DEFRAUD USING BAD FORECLOSURE PRACTICES," Opp'n (dkt. 27) at 2, even that level of detail is absent from the Complaint. It would appear that Plaintiffs' RICO claim is predicated on fraud, see id. at 3 ("THE MCDOWELL'S ARE ONE OF MANY THAT US BANK & WELLS FARGO, N DEX WEST, ASC. DEFRAUDED."), but fraud must be alleged with particularity. See Fed.

---

[2] At the motion hearing, Defendant argued that the RICO claim is also subject to the Rooker-Feldman doctrine. The Court will permit that argument to be made in any subsequent motion to dismiss, but does not reach it in this Order.

R. Civ. P. 9(b); <u>Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.</u>, 806 F.2d 1393, 1400-1401 (9th Cir. 1986). Plaintiffs have not met that standard here.

Plaintiffs have not already amended their Complaint and will be permitted to do so. <u>See</u> <u>Howey v. U.S.</u>, 481 F.2d 1187, 1190 (9th Cir. 1973) (discussing Rule 15(a), noting that "[u]nless undue prejudice to the opposing party will result, a trial judge should ordinarily permit a party to amend its complaint."). Accordingly, the RICO claim is dismissed without prejudice. It Plaintiffs wish to file an amended Complaint in order to pursue <u>their RICO claim only</u>, they must do so within twenty days of this Order. Failure to file an amended Complaint within that time could lead to dismissal of the RICO claim with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion to Dismiss with prejudice, except for the RICO claim, which is dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: August 26, 2011

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE