IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK AND DEBORAH MCDOWELL,<br><br>    Plaintiff,<br><br>v.<br><br>THE STATE OF CALIFORNIA,<br><br>    Defendant.                                / | No. C 11-02569 CRB<br><br>**ORDER GRANTING MOTIONS TO DISMISS** |

Plaintiffs have filed a request to move the hearing on Defendants' Motions to Dismiss Plaintiffs' First Amended Complaint, originally set for December 9, 2011, to January 27, 2011. See dkt. 55. However, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rue 7-1(b) and GRANTS both the Motion to Dismiss filed by the State of California ("CA MTD") (dkt. 37) and the Motion to Dismiss filed by Wells Fargo, et al. ("WF MTD") (dkt. 38).

I.    **BACKGROUND**

Pro se Plaintiffs Frank and Deborah McDowell brought suit in May 2011 complaining about the state court's rulings as to improprieties in their loan origination and loan modification.[1] Dkt. 1. Plaintiffs also alleged a RICO claim. See dkt. 1 at 2, 3 ("WE CALL IT RACKETEER-INFLUENCED ADD CORRUPT ORGANIZATION"). Defendants Wells Fargo, Wells Fargo Home Mortgage, America's Servicing Company, U.S. Bank

---

[1] The underlying relevant facts are as provided in the Court's August 26, 2011 Order at 1-2 (dkt. 30).

1 National Association, and (via joinder) NdeX West, LLC ("Wells Fargo et al.") moved to
2 dismiss. Dkt. 15. On August 26, 2011 this Court granted Defendants' Motion to Dismiss.
3 8/26/11 Order (dkt. 30). All of Plaintiffs' claims that sought review of the state court's
4 decisions were barred by the Rooker-Feldman doctrine and were dismissed with prejudice.
5 Id. at 4. Plaintiffs' RICO claim was insufficiently pled, and was dismissed without
6 prejudice. Id. at 6. Plaintiffs were granted leave to amend the complaint with respect to the
7 RICO claim only and, on September 14, 2011, Plaintiffs filed a First Amended Complaint.
8 See FAC (dkt. 34). Wells Fargo et al. again moved to dismiss. See WF MTD (dkt. 38). The
9 State of California also filed a separate motion to dismiss Plaintiff's First Amended
10 Complaint. See CA MTD (dkt. 37).

## II. LEGAL STANDARD

Under Rule 12(b)(6), a party may move to dismiss a cause of action which fails to state a claim upon which relief can be granted. On a motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Wyler-Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir. 1998). To survive a Rule 12(b)(6) motion to dismiss, the complaint must state a claim to relief that is "plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the pleaded factual allegations "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## III. DISCUSSION

The first eight pages of Plaintiffs' First Amended Complaint lists the same causes of action that were brought by the Plaintiffs in state court. See FAC at 1-8. Indeed pages 1-8 of the FAC appears to be only a slightly edited version of Plaintiffs' state court complaint. Compare id. with RFJN (dkt. 16) Ex. K. Pages 9-24 of the FAC appears to be a separate document[2] in which Plaintiffs address their RICO claim. See FAC at 9-24 (1-16). As the Court held in its August 26, 2011 Order, all of the claims that seek review of the state court's

---

[2] Pages 9-24 of the FAC are uniquely formatted and bear handwritten page numbers 1-16 at the bottom of each page.

2

1 decisions have been dismissed with prejudice. See 8/26/11 Order at 4. Accordingly, this
2 Order will address Plaintiffs' attempt to state a RICO claim only. This Order first addresses
3 the Motion to Dismiss filed by the State of California (dkt. 37) and then the Motion to
4 Dismiss filed by Wells Fargo et al. (dkt. 38).

### A. The State of California Motion to Dismiss

Plaintiffs' RICO claim contains two factual allegations concerning the State of California. The first allegation is that the Attorney General of California entered into a settlement agreement with Wells Fargo Bank requiring the bank to modify loans for certain risky adjustable-rate mortgages and to pay damages without actually filing a lawsuit against the bank. FAC at 15 (7). Plaintiffs claim that "THIS IS WHY THE PLAINTIFFS (MCDOWELLS) ARE SUING THE STATE FOR COMPLICITY IN A CRIME: NO LAW SUIT WAS FILED: BANK REPRESENTATIVES SOUGHT ASSURANCES THAT IT WOULD NOT BE SUED IF IT AGREED TO HELP OUT DISTRESSED HOME OWNERS." Id. The second allegation is an acknowledgment that the Attorney General has launched a mortgage fraud task force to "MONITOR & PROSECUTE VIOLATIONS AT EVERY STEP OF THE MORTGAGE PROCESS." Id. at 17 (9).

The State of California moves to dismiss on four grounds. See generally CA MTD. The State argues that the Plaintiffs' RICO claims are (1) barred by the Eleventh Amendment, (2) barred by prosecutorial immunity, (3) insufficiently pled, and (4) so vague and ambiguous as to require dismissal. Id.

The State of California is correct that Plaintiffs' claims against the State of California must be dismissed because they are barred by the Eleventh Amendment. See id. at 4-5. The Eleventh Amendment "prohibits federal courts from entertaining suits by private parties against States and their agencies." Alabama v. Pugh, 438 U.S. 781 (1978). "Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it . . . a State cannot be sued directly in its own name regardless of the relief sought." Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985). The State of California has not consented to suit

here. See generally CA MTD. Therefore, the Eleventh Amendment bars Plaintiffs' RICO claim against the State of California.

Furthermore, as the State points out, the Eleventh Amendment would still bar Plaintiffs' claims had they been brought against the Attorney General, rather than the State. See id. at 5. Plaintiffs complain of actions taken by the Attorney General in her official capacity, specifically the settlement of claims against Wells Fargo. See FAC at 15 (7). "Eleventh Amendment immunity extends to actions against state officers sued in their official capacities." Prod. & Leasing, Ltd. v. Hotel Conquistador, Inc., 709 F.2d 21, 22 (9th Cir. 1983) (RICO claim brought against individual state officials sued in their official capacities was barred by the Eleventh Amendment).

Plaintiffs' RICO claim against the State of California cannot stand in the face of the Eleventh Amendment and therefore is dismissed.[3]

### B. Wells Fargo et al. Motion to Dismiss

Wells Fargo et al. has also filed a separate motion to dismiss Plaintiffs' RICO claims. See WF MTD. Wells Fargo et al. argues that Plaintiffs' RICO claims are also barred by the Rooker-Feldman doctrine and insufficiently pled.[4] See id.

To state a civil RICO claim, a plaintiff must allege: (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity, establishing that (5) the defendant caused injury to the plaintiff's business or property. See Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985). A "'pattern' . . . requires at least two acts of racketeering activity." 18 U.S.C. § 1961(5). "'[R]acketeering activity' is any act indictable under several provisions of Title 18 of the United States Code, and includes the predicate acts of mail fraud, wire fraud and obstruction of justice." Turner v. Cook, 362 F.3d 1219, 1229 (9th Cir. 2004).

Defendants argue that Plaintiffs' RICO claims are barred by the Rooker-Feldman doctrine because they "are either explicit repeats of those they litigated before or based on

---

[3] Because the Court finds that Plaintiffs RICO claim against the State of California is barred by the Eleventh Amendment, it need not address the State's alternative arguments.

[4] Wells Fargo also argues that Plaintiffs' claims are subject to claim preclusion. WF MTD at 9-12. Because the Court finds that Plaintiffs' claims are barred by the Rooker-Feldman doctrine, the Court need not address that argument here.

4

the very same facts." WF MTD at 7. Plaintiffs, who were represented by counsel in state court, did not bring a RICO claim there. See RFJN Ex. K (state court complaint) at 1. However, the Rooker-Feldman doctrine applies to bar federal claims where parties do not directly contest the merits of a state court decision but instead ask a district court to exercise subject matter jurisdiction over a *de facto* appeal from a state court judgment. Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 858-59 (9th Cir. 2008). "A federal action constitutes such a *de facto* appeal where claims raised in the federal court action are inextricably intertwined with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court interpret the application of state laws or procedural rules." Id. at 859. Under these circumstances, "the district court is in essence being called upon to review the state court decision." Id.

Plaintiffs attempt to allege fraud as the conduct predicating their RICO claims. See FAC at 11 (3) ("PLAINTIFFS THE MCDOWELLS STATE THAT THEY WERE PARTIES TO FRAUDULENTLY INDUCED TRANSACTION AND THAT THEY WERE THE PARTIES DECEIVED BY DEFENDANT'S FRAUD."). However, the fraudulent conduct alleged is based largely on allegations that were the basis of Plaintiffs' previously adjudicated state law claims. Plaintiffs again attack the validity of Defendants' Notice of Default Declaration and argue that Defendants failed to comply with California Civil Code § 2923.5, which requires mortgagees to contact borrowers to avoid disclosure. FAC at 12-13 (4-5) ("PAPERS WERE PLACED IN THE MCDOWELLS FILES INDICATING THAT THE MCDOWELLS HAD BEEN CONTACTED . . . THE CIVIL CODE REQUIRE THAT A DECLARATION OF ACTUAL OR ATTEMPTED CONTACT WITH A BORROWER BE INCLUDED AS PART OF THE NOTOCE OF SALE. IN ADDITION NO CONTACT WAS EVER MADE WITH MCDOWELLS"). Plaintiffs attach to their amended complaint legislative history related to California Civil Code § 2923.5 to attempt to show that Defendants violated the "EXTRA RULES & GUIDELINES" included in § 2923.5. See RJN (dkt. 35). Plaintiffs also repeat other alleged violations of California law, including

5

"VIOLATION OF THE UNFAIR COMPETITION LAW, CAL. BUS. & PROF. CODE 17200 ET SEQ." See FAC at 20 (12).

These state law claims were adjudicated in the California state court action, see RFJN Ex. K, and any adjudication of these claims by this Court would "undercut the state ruling." See Reusser, 525 F.3d at 859. The remainder of Plaintiffs' amended complaint appears to consist of a string of headlines of newspaper articles addressing the recent mortgage crisis, see FAC at 14-18 (6-18), leaving the Court to conclude that, despite being labeled as RICO claims, the only claims raised by Plaintiffs here "are 'inextricably intertwined' with the state court's decision." See id. Accordingly, Plaintiffs' RICO claims constitute a *de facto* appeal of a state court decision and are barred by the Rooker-Feldman doctrine. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 292 (2005) (explaining that under the Rooker-Feldman doctrine, a district court may not exercise appellate jurisdiction over state court judgments).

**IV.  CONCLUSION**

For the foregoing reasons, the Court GRANTS the State of California's Motion to Dismiss (dkt. 37) and GRANTS the Wells Fargo et al. Motion to Dismiss (dkt. 38).

**IT IS SO ORDERED.**

Dated: December 9, 2011                              CHARLES R. BREYER
                                                     UNITED STATES DISTRICT JUDGE

G:\CRBALL\2011\2569\order re 2d mtd.wpd                6